All rise. The Illinois Appellate Court, 3rd Division is now in session. Justice Terrence J. Lavin presiding. If you would like to proceed. Good morning. If both counsel could approach and identify yourselves. Good morning, Your Honors. Assistant State's Attorney, Kula Foine. Good morning, Your Honors. Michael Gentithis on behalf of the appellant, Aaron Harris. Okay, just a quick reminder that the microphones are not for amplification. They're for recording, so keep your voice up. Save some time for rebuttal. We don't have a case after you, but if you need a little extra time, we'll probably be inclined to give it to you. Okay? Thanks. Would you call the case? 13-21-62 v. Aaron Harris. Thank you. Good morning, Your Honors. Michael Gentithis on behalf of the appellant, Aaron Harris. I'd like to reserve two minutes in rebuttal. This morning I'm going to focus my argument on the Fourth Amendment issue raised in the briefs. The parties are asking this court to define acceptance in an anticipatory warrant. It's agreed that was the triggering condition in the warrant used to arrest Harris. Seven years ago, this court established in Bowie that acceptance is the receipt and opening of a package. Today, it should affirm Bowie and quash Harris's arrest because the police failed to wait for that acceptance. Anticipatory warrants, like the one used below, have become an important tool for law enforcement officers, especially in package interdiction cases like this one. They give the officers exceptional power to arrest and search citizens, and that's a power that must be constrained under our Constitution. The Fourth Amendment, therefore, requires that the executing officers only have limited leeway. Their discretion must be almost ministerial to avoid any premature execution of these warrants, either through intentional manipulation or simple misunderstanding of the warrant's terms. Should the law be that if the package is unopened at the time the warrant is executed, it's always premature? When the triggering condition is acceptance, opening is a requirement. So that would be in every situation? Should there be a blanket rule of that sort? That is the rule this court established in Bowie, and it should affirm that rule today. Does that depend on the circumstances of the individual case? Not when the triggering condition is acceptance. That condition requires, as this court held only seven years ago, both receipt and opening. So if you have no opening, you're saying in every case then you would be premature? There could be equivalent acts of dominion over the package. This court has only dealt with the situation where the package was opened. That's the rule that's established, and it could reaffirm today. Conceivably similar acts such as removing the labels from the package, which was a scenario in a Virginia court. The defendant takes it and he puts it in a locked safe or a locked locker in a train station. Is that enough dominion? There may be a temporal element to that scenario, Your Honor. If the package was taken to an area only the defendant had dominion and control over for an extended period of time, that might be an equivalent act of dominion to opening the package. But again, that's not a scenario this court needs to reach in this case. It simply needs to reaffirm the Bowie decision only seven years ago. There the court held that the state properly waited to execute its warrant until the defendant opened the package in his home, rather than executing it at a nail salon where the package was initially delivered and received, as the defendant argued. And that wasn't only the position this court took. That was the position the state took. I'm going to quote directly from the state's brief in that case. If the package was not opened, the warrant did not authorize the search of that location. This court simply needs to affirm Bowie and apply it to the facts here. The opening of the package is what gave the police probable cause to believe it was the suspect's drugs in the Bowie case. That's what triggers an anticipatory warrant based upon acceptance. It's a narrow, easy-to-follow, clear rule. And it eliminates the possibility for some of the Fourth Amendment abuses we might see otherwise. There's no other reason for officers to install the sort of breakaway filament tracking device used here, which is designed to alert them when the package is opened, unless they will wait for that opening. But that condition isn't reflected in the warrant, is it? It's not contained in the language of the warrant itself. However, it is contained in the application for warrant. And supporting affidavits may contain the triggering condition for these type of anticipatory warrants, as the Supreme Court held in the Grubbs case. As a matter of policy, there's a need to narrowly interpret the term acceptance when it does appear in an anticipatory warrant. The constraint for potential police abuse is a necessary one under our Constitution. Otherwise, they might easily be able to arrest simply anyone who touches the package under the terms of such a warrant. Now, that might mean that the police have to wait, they have to follow a package, potentially into an unfamiliar area, making their job more difficult. But a citizen's right to be free from unlawful search and seizure trumps law enforcement convenience in that scenario. If it were otherwise, the police might be able to arrest the innocent receptionist who takes in a package for his or her boss. They might be able to search the dry cleaners in the basement of an apartment building that agrees to hold packages for residents. So what about the judge's ruling here that the warrant requirements have been met because the delivery of the package had been observed at the address that was in the warrant and that the order for the electronic monitoring device was a separate amendment to the warrant? The order may have been separate, but the application for the warrant is a supporting affidavit exactly of the type that can use, can be incorporated to specify the triggering condition. And again, acceptance as the triggering condition was the basis of the party's argument throughout the briefing. That's not really a point that's at issue. All the court needs to resolve in this case is whether acceptance means anything other than to receive and open the package. If it did mean something else, consider how this might be applied to so many other people in this case. Mr. Harris's father testified that he had access to the home, as did his children, as did his brothers-in-law and their children, as did Mr. Harris's aunt and her children, as well as multiple real estate personnel. Could the police have simply arrested anyone who showed up on Grandma's porch and took in the package? Harris himself never opens the package. He doesn't look for police in the surrounding area or otherwise indicate that he has any knowledge that what he's picking up from his grandmother's porch contains illicit material. The police simply had to wait for him to open it before they could confirm he knew it contained drugs. The state's alternative definition for acceptance, the intent to retain, lacks any grounding in the case law. It's merely mentioned in the Bowie decision before the court there concluded that acceptance meant to receive and open. And again, it's the exact opposite of the argument the state itself made in the Bowie case. That's a rule that would require the police to make judgment calls on very limited, very fleeting evidence as to a suspect's mental state. It's certainly not the sort of tightly constrained, easily interpreted, triggering condition that has been recommended by so many courts across the country. The state's argument on good faith is also disingenuous for two reasons. First, the error here was the officer's own making. They selected the terms that would apply in their warrant application and included acceptance therein. Secondly, the law here is unmistakable. Bowie is perfectly clear. It's only seven years old, and it's part of the law that officers, especially those that are involved in these kind of package interdictions frequently, are duty bound to know and enforce. There aren't any cases that follow the state's intent to retain proposal, so the police could not reasonably mistake that as the state of the law here. If there are no further questions from the court? Well, you've asked alternatively for a new trial or an outright reversal. What relief are you requesting? An outright reversal would be required in this case. If Mr. Harris's arrests were quashed, the subsequent statements he made would also be suppressed, and the state's evidence would be insufficient under any rational interpretation of the facts. Reversal would therefore be required under People v. Delaware. If the state is unable to prevail without the evidence recovered following that quashed arrest, the defendant's conviction should be reversed. This court should affirm Bowie and quash Mr. Harris's arrest because the police failed to wait for the receipt and opening of the package. Thank you. Thank you. Your Honors, the trial court properly denied the defendant's motion to quash arrests and suppress evidence when the officers in this case executed the search warrant properly. Here the officers executed the search warrant after the defendant took possession of the package,  So how is Mr. Harris any different from the receptionist in Bowie who takes the package and puts it under the desk? Is that an intent to retain? It's not, Your Honor, because in that specific situation, the Bowie court looked at the intent and spirit of that search warrant and also took into consideration the offence of the complaint and the search warrant officer, who testified in Bowie in that case that, based on her experience as a veteran police officer, as a veteran of the Postal Interdiction Team, that because this was a place of employment, a nail salon, she expected that this package would get moved to another location. Well, the police officer here attested to the same expectation that the package was going to move, which is why they put the device in there. Correct. But, again, the difference is that her intent, again, the warrant wasn't executed because, A, they saw no movement of the package in the nail salon, and, secondly, Well, they didn't see any movement of the package here. They certainly did. The defendant approached the stoop and retrieved the package and placed it into his vehicle. That's not much of a trip. From the porch to the driveway? Well, Your Honor, again, based on the facts of this case, the defendant, on the very specific day that this package was delivered to his grandmother's home, which was vacant at the time, he decides to make a trip to that home, and he leaves his car door open, his car running. He proceeds to the stoop, and within a matter of 30 seconds, he retrieves that package, and he places dominion and control over that package. Why go to all the problem of putting this electronic filament in the package? What's that there for if they're just going to grab him as soon as he grabs the package? I would disagree with counsel in the respect that he indicates that the signaling device was included in the application for the search warrant. I'm assuming he's referring to the search warrant complaint. Nowhere in the search warrant complaint is the signaling device included. That's on the addendum. It is in the petition and the order, correct? Yes, Your Honor. So why should it be included in consideration? However, the signaling device is merely a tool that the officers use in order to be able to track a package. Well, the officer represented that the signaling device was likely to produce evidence giving rise to probable cause. It could likely produce. That's correct. However, it is not the end-all and be-all of being able to execute the search warrant. The signaling device doesn't have to go off. The package doesn't have to be open in order for the officers to be able to execute the search warrant. The search warrant specifically indicates what the triggering events are for S. Harris or someone to take possession of the package and that the package and the location to be searched, location or vehicle that the package is brought into. Well, what did the authorities know about Mr. Harris, the defendant here, going into this? Did they have some information about him that he was somebody who was involved in this sort of trafficking? They did not, Your Honor, from my understanding. They did not have any information other than the fact that this package was brought in from California, which is a state and a source known for narcotics trafficking and for bringing narcotics. Right. So the officers, while they were at the postal office, flagged the package based on its location and a few other criteria based on their observations. Was there any information, as sometimes is developed in cases like this, that the person sending it and the addressing information was a fictitious person or entity? They did, yes, Your Honor. I believe that they looked up an address and the address did not correspond with that individual's name. And where is that in the record? You know, I apologize. I don't remember off the top of my head. I could perhaps be also referring to the fact that usually from the complaint that the officers also indicated that typically items are sent with an address listed on the package but perhaps a fictitious name. I think that's what I might be referring to. Yeah, well, that's the whole point. Typically that's what is done. It wasn't done here. He wasn't somebody who was suspicious to the police other than the fact that the dog sniffed the pot in the package and the entity that sent it wasn't known to be fictitious to the people investigating. So in circumstances like that, wouldn't you think that that's why you have the filament to make sure that he opens it up and that he really wants to be in possession of what's inside this? I disagree. In many cases for anticipatory search warrants, the officers really don't know information about the person that this package is addressed to or any of that information. That's typically how anticipatory search warrants work for the most part. There isn't a whole lot of information to go by in respect as to what they know about the target. However, what defendant is trying to do is to box this court into creating a bright-light rule for accept. All he's trying to do is to get us to follow the Bowie case. You were the folks who had the opposite position in that case. We did. However, again, that's based on the facts of that search warrant. In Bowie, the Bowie court itself indicated that when taking into consideration the specific facts and the spirit and intent of that search warrant, accept in that situation meant to receive an open. However, that shouldn't be a bright-light rule for every single case, anticipatory search warrant case across the board because every case is different in every fact scenario. You make me a little nervous when you talk about the spirit and intent of an anticipatory warrant. It sounds like a lot of discretion on the part of the executing officers, which is really the antithesis of what is supposed to be a ministerial act for an anticipatory warrant to be valid. Your Honor, respectfully, I think that the officers obviously do have some discretion in their jobs, period, as police officers. Certainly when it's the appropriate time to execute a search warrant is something that is discretionary. So just hypothetically, had the next-door neighbor come out knowing that Ms. Harris is in a nursing home and her house is unoccupied and seen the package on her front porch, went and picked it up and brought it inside her house, police could execute the warrant then, right? Based on the warrant itself, yes, they could execute the warrant. However, they chose not to because that's not the situation that occurred here. The situation that occurred here is the defendant who approached the stoop and ---- Well, what they chose not to do is they chose not to follow Harris. You know, the buoy was followed a great distance across the city. Correct. Then he opened it, then they went in because there was an electronic filament that had been triggered. So what we have here is a case of, you know, premature execution of the anticipatory warrant because they didn't bother to follow him to wherever he was going to go perhaps to open this package. Again, Your Honor, the officers, it was indicated in the motion that it was a school day, that there was a school nearby and that school was closing around that time and the officers were outside of the city of Chicago. They were in Lincolnwood, Illinois. I don't believe there was anything in the record about a school being nearby. I believe it's in the motion, Your Honor. There was some, there was some testimony regarding it. I believe it was argued that it was, there was a school nearby and the officers decided not to venture off into a pursuit into an unfamiliar neighborhood, unfamiliar territory for them. They were outside of the city of Chicago. But what you're asking us to do is ignore the order with regard to the electronic filament, as if that doesn't even exist. What part of it? It has to mean something. What part of the order, Your Honor, are you referring to? Well, the separate addendum to the warrant. The separate addendum, the order itself, just indicates that a signaling device can't be placed in the package. Right. And therefore, and there was one, right? Correct, yes. So, and what you're saying is it doesn't matter if it's opened or not. So you're ignoring the fact that that is part and parcel of this warrant. I don't think we can ignore that if that wasn't in there, that we have a different case. But you're asking us to totally ignore that that's in there. That's the bottom line. Your Honor, I am not asking you to ignore it. Obviously, this is part. It is a separate order. I understand that it is another piece of the puzzle to the search warrant. However, again, nowhere is there any case law that indicates that a signaling device has to be opened or that the officers have to wait for the package to be opened and the signaling device to go off in order for them to execute the search warrant. Well, is it the State's position that an anticipatory warrant in this case would have been proper if the officers just said, we know this package contains pot. We're going to deliver it, do a controlled delivery to a particular address, and we want to arrest anybody who picks it up. We're not going to install a filament. We're not going to track it. We just want to arrest anybody who picks it up. Would that have been a valid warrant? I'm sorry, applying for an anticipatory search warrant, not having requested a signaling device? Leaving the filament and the device off, we're just going to arrest anybody who picks that package up. Again, I think it's discretionary. I don't think it's anybody who picks the package up. I think it has to be a specific someone who asserts dominion and control over the package, but certainly a signaling device. The next-door neighbor. The next-door neighbor asserts dominion and control when she brings it into her house. But there has to be an intent to receive, though. There has to be an intent to receive. There was an intent to receive in Bui, however you pronounce it. She took the package. She did. That was her intent. Her intent was to take that package. So under your argument, she could have been arrested. She could have. However, again, in that situation, she was a passive recipient. She just didn't take a package. She took a package and merely put it underneath the counter. She didn't take the steps the defendant took in this situation. But he drove to a location the same day that the package was to be delivered, and he took affirmative steps to go and retrieve that package and place it into his car. And his testimony later at trial revealed that he was going to an art store but happened to pass by his grandmother's home, which was vacant, to do a well-being check and picked up the package. There are certainly affirmative steps the defendant took here that are definitely different than the nail salon woman in Bui. She merely signed for it and just stuck it underneath the counter. And four hours later, the defendant, who again accepted that package with the intent to receive it, he placed it into his vehicle and then transported it to that other location. So, again, hypothetically, Mr. Harris is inside his grandmother's home when the officer, dressed as a FedEx delivery man, rings the doorbell. And he takes the package and he puts it on the front table. They can arrest him, right? They certainly can execute the anticipatory search warrant. Yes, Your Honor. And doesn't Hodge Bay say that there is no evidence sufficient to sustain a possession charge under those circumstances? I think under those circumstances, certainly opening the package would be an extra element as far as establishing knowledge. But Hodge Bay said, Hodge Bay reversed the conviction and said there's no evidence of knowing possession. But in this situation, respectfully, I think that there could be an argument made that there was probable cause to execute that search warrant, even without a signaling device going off, based on the information that the officers were provided, knowing what was in that package. But it has nothing to do with the individual who takes control. You're saying it just has to do with what's in it. Anybody could have picked up that package on the stoop. Again, it's... Knowing that nobody's there, like the neighbor, as Justice Mason said before. You know, it's not merely anybody. Again, in the same cases the defendant is relying to, relying, especially specifically U.S. v. Turner, in that situation, the officers also didn't wait for the search, for the signaling device to go off. In fact, they executed the search warrant inside the defendant's home four minutes after he took the package from the stoop and he placed it into his car, into his home. I apologize. And the officers there executed that search warrant and they found that parcel unopened on the defendant's bed. And that court in U.S. v. Turner, a case the defendant cites to, indicated that when the defendant received that package, the triggering events within that search warrant took place and he asserted dominion and control over that package. And they certainly didn't reverse the defendant's conviction or the motion in that case. And, again, a case the defendant's relied to. Ford, another case the defendant is relying on, the defendant, very similar to here, there was a package that was delivered to a stoop of a home. The defendant approached with his vehicle, walked up to the stoop, took the package and placed it into his vehicle. Now, there the defendant did begin removing the shipping labels from the package, but, again, the package was not open and the signaling device had not alerted at that point in time. And even in that case, in Ford, the court indicated that the defendant, by merely receiving the package and placing it into his vehicle, asserted dominion and control over that package. And so the triggering condition also was satisfied in that case. You know, you can take shots at the cases that he's citing, but the real case here is Bowie. No, I understand. And in order for us to go your way, we would have to effectively, you know, say it's no longer valid precedent. I don't think that's true, Your Honor, because I think that except as it was defined in Bowie, it was based, again, on the facts and circumstances of that case and that warrant. Bowie itself indicated that search warrants should not be read in a very hyper-technical manner, but should be read in more of a common-sense fashion. And the common-sense fashion there was that the State said that they had to receive it and open it. Correct. Based, again, on the circumstances. It seems like pretty good common-sense here, too. But, again, it's based on the circumstances of that case. And, again, I would argue that Bowie is different. First of all, the defendant was arguing something completely different than here. The defendant there was arguing that the search warrant location that was described was unconstitutionally general, and he was arguing that the search warrant should have been executed on the nail salon and not at the home later on, which is an argument that's very different from the argument the defendant is making here. But what the Court found in Bowie was that interpreting the warrant to require opening, whether it was at the salon or at a remote location, gave the warrant the specificity required by the Constitution. Your Honor, I believe that in Bowie the Court definitely tried to define the word acceptance and did so, again, based on the facts of that case. But it also indicated that acceptance meant receiving something and undertaking a sufficient act that indicates an intent to retain it. And, obviously, held that the nail salon woman did not establish that criteria, but, however, the defendant did in that instance. Again, just because here we have a situation where the package was not opened and the signaling device did not go up, the signaling device is merely a tool that is used for surveillance purposes. It's even listed in the petition for the signaling device, that it is a visual surveillance tool in order for the officers to keep track of the package. There are situations where the officers undercover deliver a package. They have no idea where this package is going to end up. It could be in the home. It could be in the car. It could be anywhere.  Especially when it's out of the officer's sight. And, again, I don't think by affirming the trial court's ruling here and denying the defendant's motion to quash, arrest, and suppress evidence, would this court in any way be going against Bowie or reversing Bowie. Bowie is a different set of circumstances. And in that, also in that search warrant, the word accept was actually used. And here, accept is not referred anywhere in the search warrant itself. The defendant does refer to the word accept in the complaint of the search warrant. The complaint for the search warrant is three pages long. The introductory paragraph of the complaint mirrors that of the search warrant. The very last paragraph of the complaint indicates the word accept. And it basically says that to search S. Harris or anyone taking control or any other location where the parcel is accepted into. However, Your Honors, again, the introductory paragraph and the rest of the paragraph mirrors what the search warrant and the intent of the search warrant was for someone to take possession and for the location to be searched or vehicle that the package was brought into. And that certainly was the case that occurred here. I would also argue that the counsel here is referring to the application for the search warrant, again, for the complaint. And he indicates that the signaling device is in the complaint. I think I mentioned this earlier. It's nowhere in the complaint. As Your Honor had indicated, it is in the separate order that is provided. Your Honors, I can also address the second issue that the defendant poses, which is that this court should affirm the defendant's conviction for possession of cannabis where the people proved the defendant guilty beyond a reasonable doubt based on his statements, his inculpatory statements, and Officer Lamparis' testimony. The defendant here discounts the fact that Officer Lamparis detailed to the jury that after the search warrant was executed, the defendant was read his Miranda rights and was asked, tell me about the box. And in that instance, the defendant proceeded to tell Officer Lamparis that he was in financial difficulty, that he had a friend from California who had agreed to send him some cannabis in order for the defendant to be able to sell this cannabis and make some money. The defendant indicated that he believed that the package contained about three ounces of cannabis and that he had been smoking cannabis since he was 17 years old. Certainly, the defendant is disputing that we did not prove knowledge. Knowledge was certainly proven through the defendant's words, as I just indicated, what he told Officer Lamparis, his inculpatory statement, as well as the defendant's actions. Again, not to belabor exactly what the defendant did, as I indicated earlier, his actions of proceeding to the stoop, retrieving the package within a total span of 30 seconds with his car running, car door open, placing it into his vehicle, he showed no curiosity for the package. He acted swiftly, and he did so because he wanted to leave the scene. He knew what was in that package. The defendant arguing that the trier of fact got it wrong by believing Officer Lamparis' testimony as credible and not the defendant's testimony where he denied at trial making those statements is incorrect. The credibility of the witnesses was certainly the way to be given to the testimony and reasonable inferences drawn therefrom were certainly made by the jury in this instance who found the defendant guilty. And we would ask that you affirm the trial court's denial of the defendant's motion to quash arrest and suppress evidence and also affirm the defendant's conviction. Thank you.  Briefly, Your Honors, just to respond to Your Honors hypothetical, I think a warrant that would allow the state to arrest anyone who touches a package that excluded terms like acceptance or a similarly limited triggering condition would be invalid, and that's what the state wants to argue this warrant essentially is. The state can't get around the Bowie decision. They make the exact opposite claims in that case, and the facts there are the same. The triggering condition is acceptance in both of these cases. The state only argues now that it should be anyone taking possession when the application for warrant, which can be taken as part of the warrant as a whole for the triggering condition's purposes, states that acceptance will be the trigger. What about Turner? The decision in Turner, which the state referred to, actually states that a package would not be accepted if an individual walked up from the street and took a package off the front porch. Now, that case really dealt with a warrant that was concerning when someone of authority from the address listed had taken a package, and that's what really was at issue. But it's hypothetical was exactly in line with Your Honors hypothetical about a neighbor, and it answered it exactly as this court should. Simply having a neighbor come pick up the package would not constitute acceptance. The discretion of the officers here must be clear and ministerial. They can't simply arrest anyone that touches the package. Whether they're familiar with subordinate Lincolnwood or not, what the Fourth Amendment requires is that they wait for the package to be opened. That's what citizens' rights to be free from unreasonable search and seizure requires in that situation. If there are no further questions, this Court should affirm Bowie and quash Harris' arrest. Thank you. We thank the parties for the great briefs and arguments, and we'll take the matter under advisement and issue an opinion directly. We're adjourned.